IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MINDEN EXCHANGE BANK AND TRUST CO., | ) ) ) | |
| Plaintiff, | ) ) | 4:11CV3015 |
| v. | ) ) | |
| ROGER L. WELLS, CAROL J. WELLS, UNITED STATES OF AMERICA, DEBRA J. JUNKER, LYNN P. CARLSON, DALE E. CARLSON, CAROL A. CARLSON, and NEBRASKA DEPARTMENT OF REVENUE, | ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on defendant Roger Wells's motion to dismiss, Filing No. 21, defendant United States' motion for judgment on the pleadings, and on a stipulation for dismissal filed by defendants United States, Debra Junker, Lynn P. Carlson, Dale E. Carlson, Carol A. Carlson, Filing No. 23. This is an interpleader action regarding federal and state tax liens on real estate that was removed from state court by the United States. The interpleaded funds constitute the remainder from a trustee's sale in which the plaintiff Minden Exchange Bank & Trust Company (hereinafter, "the Bank"), as trustee, sold certain property conveyed to it in trust by defendants Roger and Carol Wells. The record shows that defendants Carol A. Carlson, Dale E. Carlson, Lynn P. Carlson, and Debra J. Junker (hereinafter, "the Carlson defendants") obtained a judgment against defendant Roger L. Wells and the debt was not dischargeable pursuant to 11 U.S.C. § 523(a) (4). See Filing No. 16, Index of Evidence.

On March 15, 2011, the State of Nebraska disclaimed any interest in the real estate described in the complaint. Filing No. 13. The court previously ordered Roger and Carol Wells to answer or otherwise plead in this case by May 4, 2011. Filing No. 17. They failed to do so in a timely manner. The Clerk of Court entered default against them. Filing No. 20. Thereafter, Roger Wells filed a motion to dismiss on May 19, 2011, Filing No. 21. Carol Wells has not answered or otherwise pled.

The court finds Roger Wells's motion to dismiss is untimely and largely incomprehensible. The defendant's argument that the court lacks jurisdiction because "all courts are operating under the (1) trading with the enemy act" and that the courts are essentially "foreign states" is frivolous. The motion is replete with "tax protester" rhetoric and there is no merit to defendant Wells's contentions. Accordingly, the motion will be denied.

In their answer, the Carlson defendants asserted priority to one-half of the interpleaded funds by virtue of the judgment they had obtained against defendant Roger L. Wells. See Filing No. 13, Answer. Defendant United States moved for judgment on the pleadings showing that it had tax liens against Roger L. and Carol J. Wells that exceeded Roger L. and Carol P. Wells's interests in the interpleaded funds, that the federal tax liens defeated the state's tax liens, and that the Carlson defendants' liens were not perfected until the judgment was registered in 2010 and did not enjoy priority over the federal tax liens filed in 2009. See Filing No. 14, Motion, Filing No. 16, Index of Evid.

On June 2, 2011, the Bank, the United States and the Carlson defendants entered in a stipulation acknowledging that the United States' tax lien was entitled to priority and agreeing that the interpleaded funds should be paid to the United States. Defendants

Roger L. and Carol J. Wells filed no response to the stipulation.  The court finds the United States' motion for judgment on the pleadings should be granted and the federal tax liens at issue have priority over all other competing interests.  A judgment in conformity with the stipulation will be entered this date.  Accordingly,

IT IS ORDERED:

1.  Roger Wells's motion to dismiss (Filing No. 21) is denied.

2.  The United States' motion for judgment on the pleadings (Filing No. 14) is granted.

3.  A judgment in conformity with this Memorandum and Order and the stipulation (Filing No. 23) will be entered this date.

4.  The entry of judgment will resolve any remaining disputes between the parties and the Clerk of Court is directed to close this case on entry of the judgment.

DATED this 17th day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.